**\*\*E-filed 12/28/11\*\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE SONY PS3 OTHER OS LITIGATION | No. C 10-1811 RS |
| _____/ | |
| HENRY GARCIA, | No. C 11-2246 RS |
| | **ORDER DENYING MOTION TO RELATE CASES** |
| Plaintiff, | |
| v. | |
| SONY COMPUTER ENTERTAINMENT AMERICA LLC, et al., | |
| Defendants. | |
| _____/ | |

Sony Computer Entertainment America LLC and Sony Network Entertainment International LLC (collectively "Sony") are named as defendants in a putative class action initiated in this District

entitled *Fineman v. Sony Network Entertainment International LLC, et al.*, Case No. 11-cv-05680 LB ("*Fineman*"). Sony moves under Local Civil Rule 3-12 to relate *Fineman* to either or both of the cases captioned above, *In re Sony PS3 Other OS Litigation*, Case No. 10-cv-1811-RS ("*Other OS*") and *Garcia v. Sony Computer Entertainment America, LLC*, Case No. 11-cv-02246-RS ("*Garcia*"). While *Other OS* and *Garcia* happen to be assigned to the same judge, they have not been deemed related to each other within the meaning of Rule 3-12.[1]

In broad terms, *Other OS* involves allegations that it was wrongful for Sony to issue a software update for the PS3 gaming system that, if installed, disabled the system's "Other OS" feature. *Garcia* advances a claim that some PS3 consoles are prone to experiencing a hardware failure when used to play certain games. *Fineman* involves no issues relating to the functionality of PS3 systems, but challenges a provision recently added to the terms of use agreement governing access to the PlayStation Network, which provides for mandatory arbitration and waiver of the right to bring class actions.

These three cases have potential overlap in membership of the putative classes and in defendants named in the actions, and all have some relationship to the PS3 system. The terms of use governing access to the PlayStation Network are implicated in at least *Fineman* and *Other OS,* albeit in largely different ways. None of these points of similarity, however, warrant deeming any of the three cases related under Rule 3-12. The motion is therefore denied.

IT IS SO ORDERED.

Dated:  12/28/11

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

---

[1] Sony asserts that the Court *sua sponte* reassigned *Garcia* to the undersigned, "good cause appearing." To the extent Sony is inferring that the reassignment was based on any relationship between *Garcia* and *Other OS*, it is mistaken. When filed, *Garcia* was assigned to a magistrate judge. Upon plaintiff's filing of a declination to the jurisdiction of the magistrate judge, the case was randomly reassigned to the undersigned.

2